**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GERVIS RODRIGO CAL-AGUILAR,<br>Petitioner,<br>v.<br>FERETI SEMAIA, et al.,<br>Respondents. | NO. EDCV 26-6843-AS<br><br>**MEMORANDUM DECISION AND ORDER** |

**I.**

**INTRODUCTION**

On November 13, 2026, Gervis Rodrigo Cal-Aguilar ("Petitioner"), an immigration detainee proceeding through counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition") against: Fereti Semaia, Warden of the United States Immigration and Customs Enforcement ("ICE") Processing Center in Adelanto, California; Thomas Giles, Los Angeles ICE Field Office Director; David Venturella, Acting ICE Director; Markwayne Mullin, Secretary of the United States Department of Homeland Security; and United States Attorney General Todd Blanche (collectively "Respondents"). (Docket ("Dkt.") No. 1).

Petitioner alleges he is being detained in violation of due process and the Immigration and Nationality Act ("INA"). (Petition, ¶¶ 27-32). Petitioner seeks, among other things, his immediate release from custody and the return of any documents or property confiscated from him. (Petition at 9-10).

On November 13, 2026, the Court issued a Notice of General Order 26-05 and Briefing Schedule ("Notice") requiring Respondents to file a Notice of Appearance within three calendar days and an Answer within seven days of the date of the Notice. (Dkt. No. 5). The Notice also provides that Petitioner can file a Reply within three days after Respondents file an Answer and that "[i]f any of these deadlines fall on a weekend, holiday, or day the court is closed, the deadline shall be the next business day on which the court is open." (Id.). Despite the Notice, Respondents have not timely filed a Notice of Appearance or an Answer. Therefore, the Petition is unopposed.

The parties have consented to proceed before the undersigned Magistrate Judge in this matter. (See Dkt. Nos. 3, 6). For the reasons discussed below, the Petition is GRANTED and Petitioner is ordered immediately released from custody.

## II.

## BACKGROUND

Petitioner was born in 2001 in Guatemala and entered the United States as a 15-year-old unaccompanied minor. (Petition, ¶¶ 1, 7, 16). He was apprehended, advised of his rights as a minor and served with a

Notice to Appear, charging him with removability under INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), as a noncitizen present in the United States without being admitted or paroled. (Petition, ¶ 16 & Exh. A). Petitioner was released from custody to a sponsor and has resided in Orange County, California ever since. (Petition, ¶ 16). He has married, obtained employment authorization, reported to ICE as directed, and kept his address current. (Petition, ¶¶ 2, 19).

On April 11, 2018, Petitioner filed an application for asylum and withholding of removal with United States Citizenship and Immigration Services ("USCIS") under the Trafficking Victims Protection Reauthorization Act ("TVPRA"). (Petition, ¶¶ 1, 17).

On February 17, 2022, an Immigration Judge terminated Petitioner's removal proceedings because Petitioner had an asylum application "pending before USCIS under TVPRA." (Petition, ¶ 18 & Exh. C).

On or around November 3, 2026, Petitioner appeared at a scheduled ICE check-in, where he was taken into custody. (Petition, ¶¶ 2, 21). He was given no prior notice that his liberty would be revoked, no opportunity to be heard before a neutral decisionmaker, and no explanation identifying any changed circumstance. (Petition, ¶ 21). Petitioner remains in ICE custody at the Adelanto ICE Processing Center. (Petition, ¶¶ 7, 21).

\\

\\

\\

\\

## III.

## DISCUSSION

Respondents' non-opposition is effectively a concession that the relief requested in the Petition should be granted. See, e.g., Espinales Martinez v. Mullin, 2026 WL 2608947, *1 (C.D. Cal. 2026) ("Respondents' failure to oppose Petitioner's due process claim is a concession."); Maltez Reyes v. Janecka, 2026 WL 2291234, *2 (C.D. Cal. 2026) ("As numerous other courts have found in such circumstances, the Petition should therefore be granted based on Respondents' failure to oppose the primary relief sought."); Li v. Warden of Adelanto ICE Processing Ctr., 2026 WL 1999293, *2 (C.D. Cal. 2026) ("Respondents' choice to not oppose Petitioner's due process claims . . . is in effect a concession that the Petition should be granted."); Guadran v. Mullin, 2026 WL 1182198, *1 (C.D. Cal. 2026) ("Respondents' non-opposition itself is a basis to grant the Petition."); Rojas v. Mullin, 2026 WL 1105039, *1 (C.D. Cal. 2026) ("[T]he court construes respondents' failure to address petitioner's due process claim as a concession."); Soleimani v. Larose, 2025 WL 3268412, *3 (S.D. Cal. 2025) ("By failing to respond to the claims . . . asserted, Respondents have conceded the claims.").

Moreover, the Court has previously found that individuals similarly situated to Petitioner were entitled to immediate release from custody because they were re-detained without due process of law. See, e.g., Andres v. Semaia, 2026 WL 2415508 (C.D. Cal. 2026); Gallosa-Zapata v. Warden, Adelanto ICE Processing Ctr., 2026 WL 2410945 (C.D. Cal. 2026); Rivera Castaño v. Blanche, 2026 WL 1915720 (C.D. Cal. 2026). Given

Respondents' lack of opposition to the Petition and for the reasons set forth in Andres, Rivera Castaño, and Gallosa-Zapata, and the relevant cases cited in those opinions, the Petition is granted.

**IV.**

**ORDER**

Accordingly, in light of Respondents' non-opposition, and for the reasons discussed herein, the Petition (Dkt. No. 1) is **GRANTED.** Respondents shall immediately release Petitioner (A# 209-996-811) from immigration custody subject to the conditions of Petitioner's most recent order of supervision, if any, and without the imposition of any new or further restraints, and shall return any confiscated property to Petitioner. Respondents are also enjoined from re-detaining Petitioner absent strict compliance with the requirements of due process and all applicable statutes and regulations.

Additionally, the Court ORDERS that Respondents shall file a declaration by no later than 5:00 p.m. on November 25, 2026, confirming Petitioner has been released from custody. IT IS SO ORDERED.

DATED: November 23, 2026

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE